**ROGER D. DAHL, INC., a California corporation, Plaintiff–Appellant,**

v.

**SUN MICROSTAMPING TECHNOLOGIES, a Florida corporation, f/k/a Sun Microstamping, Inc., Defendant–Appellee.**

No. 05–56392.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2007.

Filed June 14, 2007.

ed by 9th Cir. R. 36–3.

David R. Shaub, Esq., Kim Tommaselli, Esq., Shaub & Williams, Los Angeles, CA, for Plaintiff–Appellant.

G. Howden Fraser, Esq., Rintala, Smoot, Jaenicke & Rees, Los Angeles, CA, for Defendant–Appellee.

Before: D.W. NELSON, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM *

Roger D. Dahl, Inc. appeals the district court's grant of summary judgment in favor of E.S. Investments, LLC, d/b/a Sun Microstamping Technologies (Sun II). We affirm.

### I

■ Dahl's argument that Sun II is liable as a corporate successor for the obligations of Sun Microstamping, Inc. (Sun I) on the theory that Sun II is a "mere continuation" of Sun I fails because Dahl did not raise a triable issue as to whether Sun II paid inadequate consideration for Sun I's assets. Inadequate consideration is an "essential ingredient" to this theory. *Katzir's Floor & Home Design, Inc. v. M–MLS.com*, 394 F.3d 1143, 1150 (9th Cir. 2004). It is undisputed that Fleet National Bank was owed more than the sale price and was functionally the seller; it makes no sense that Fleet would accept inadequate consideration in these circumstances.

### II

■ Dahl's argument that Sun II is a contract assignee who assumed the obligations of Dahl's contract with Sun I by

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

accepting the benefits is misplaced. The Asset Purchase Agreement did not include any obligation to Dahl. Sun I had no contractual right against Dahl to continued business with Aurra or Kavlico, so Sun I could not and did not assign any such right to Sun II. And Sun II did not accept Dahl's continued performance of account servicing, Dahl's only remaining executory obligation to Sun I. Moreover, there is no authority for extending the concept of "benefits" to encompass rewards that flow from prior performance of a contract, as Dahl's theory would require.

### III

Finally, Dahl's theory of unjust enrichment would eviscerate the rule that asset purchasers ordinarily do not assume the seller's liabilities. There is no authority for doing so.

AFFIRMED.